UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO: 8:18-cv-01080-VMC-CPT

SWEET SAGE CAFÉ, LLC, a Florida
limited liability company; JOHN MESSMORE;
SHERMEE, LLC, a Florida limited liability
Company; and SS16725, LLC, a Florida
limited liability company,

    Plaintiffs

JURY TRIAL DEMANDED

v.

TOWN OF NORTH REDINGTON BEACH,
FLORIDA, a municipality; and SHERIFF
BOB GUALTIERI, in his official capacity
as PINELLAS COUNTY SHERIFF,

    Defendants.
_____/

## AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF

Plaintiffs, SWEET SAGE CAFÉ, LLC, JOHN MESSMORE, SHERMEE, LLC, and SS16725, LLC (collectively "Plaintiffs"), sue the TOWN OF NORTH REDINGTON BEACH, FLORIDA, and SHERIFF BOB GUALTIERI in his official capacity as PINELLAS COUNTY SHERIFF, and allege:

1. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 for violation of their rights under the First, Fourth and Fourteenth Amendments of the United States Constitution and for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C §1367(a),

1

because Plaintiff's state law claims form a part of the same case or controversy and arise out of a common nucleus of operative facts

3. Plaintiff, SWEET SAGE CAFÉ, LLC ("Sweet Sage"), is a Florida limited liability company with its principal place of business in North Redington Beach, Florida. Sweet Sage operates a restaurant that offers breakfast and lunch in a casual Florida beach-themed setting located at 16725 Gulf Boulevard, North Redington Beach, FL, known as the Sweet Sage Café. Sweet Sage first opened for business in the early 1990's and is currently managed by its members John and Barbara Messmore who acquired the business in 2005.

4. Plaintiff, SS16725, LLC ("SS16725"), is a Florida limited liability company with its principal place of business in North Redington Beach, Florida. SS16725 owns the land on which the Sweet Sage Café is operated. It is also owned and controlled by John Messmore.

5. Plaintiff, SHERMEE, LLC ("Shermee"), is a Florida limited liability Company with its principal place of business in North Redington Beach, Florida. Shermee is owned and controlled by John Messmore.

6. Plaintiff, John Messmore ("Messmore"), is a resident of the State of Florida and is a principal member of Sweet Sage, SS16725 and Shermee.

7. Defendant, TOWN OF NORTH REDINGTON BEACH, FLORIDA ("Town"), is a municipality organized under the laws of Florida and located in Pinellas County.

8. Defendant, SHERIFF BOB GUALTIERI ("Sheriff"), is the Sheriff of

Pinellas County, Florida. In or about July of 2015, the Town began contracting on a yearly basis with the Sheriff to handle its code enforcement. Pursuant to the contractual agreement, Sheriff agrees to accept from the Town general policy direction on how code enforcement services will be delivered and shall comply with the requests of the Town regarding such matters. A copy of the current contractual agreement between the Town and the Pinellas County Sheriff is attached as Exhibit "A." The terms and conditions in the current version of the contract are virtually identical to those contained in all previous versions of the contractual agreement since 2015.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the TOWN OF NORTH REDINGTON BEACH, FLORIDA is a municipality located within the District, SHERIFF BOB GUALTIERI is the Sheriff of a county located within this District, and because a substantial part of the events or omissions giving rise to the claim occurred within the District.

## BACKGROUND FACTS

10. In November of 2015, Sweet Sage, in the matter of *Sweet Sage Café v. Town of North Redington Beach, Florida*, Case No. 8:15-cv-02576 (M.D. Fla. 2015), sued the Town seeking a declaration that the Town's sign ordinance violated the First Amendment (the "Sign Ordinance Litigation").

11. In February of 2016, Messmore, through his limited liability company, Shermee, acquired a vacant lot nearby Sweet Sage and commenced discussions with the Town about the possibility of revising its zoning code to permit the lot to be used as off-site parking for Sweet Sage.

12. During the course of the Sign Ordinance Litigation, Messmore, on behalf of himself and his business entities, routinely attended public meetings of the Town's Board of Commissioners to complain about the sign ordinance and the Town's code enforcement practices in general.

13. In addition, Messmore, on behalf of himself and his business entities, routinely contacted the Town's clerk to express his concern about the Town code enforcement practices, and what he perceived to be a pattern of selective enforcement.

14. When it became clear that Sweet Sage intended to pursue the Sign Ordinance Litigation to its conclusion, the Town began taking retaliatory actions against Messmore and his related businesses, Sweet Sage, SS16725, and Shermee as punishment for the Sign Ordinance Litigation and to further discourage Messmore, Sweet Sage, SS16725, or Shermee from exercising their First Amendment rights or petitioning the government for a redress of grievances.

15. As part of this effort, the Town directed Pinellas County Sheriff's deputies to conduct repeated unannounced "inspections" of Sweet Sage and the vacant lot owned by Shermee. In accordance with the Town's directives, Sheriff's deputies repeatedly arrived at the Sweet Sage Café unannounced and in uniform, whereby they would walk through the dining areas taking pictures and counting seats for the stated purpose of ascertaining compliance with the Town's minimum off-street parking ordinance which regulated the ration of seats to off-street parking spaces (the "Parking Ordinance").

16. In order to harass, intimidate, and retaliate against Plaintiffs, many of these unannounced "inspections" were specifically timed to occur in close proximity to events

occurring in the Sign Ordinance Litigation. For example, in August of 2016, at the same time that a deposition of the Town Clerk was taking place, the Town sent a Sheriff's deputy to conduct a surprise inspection at Sweet Sage to ostensibly check for compliance with the Parking Ordinance. This was the very first time that Sweet Sage had ever been the subject of any enforcement action relating to the Parking Ordinance.

17. Similarly, during the deposition of Town Attorney, Jay Daigneault, on September 30, 2016, a deputy was again dispatched to the Sweet Sage Café for a supposed inspection of the premises for compliance with the Parking Ordinance. Further, in the days leading up to Mr. Daigneault's deposition, the Town directed Sheriff's deputies to conduct inspections of Sweet Sage's premises on September 23, 2016, and September 28, 2016. On each visit, the deputy arrived unannounced and walked through the dining areas taking pictures while confused customers looked on. Each time, the deputy counted a different number of seats with no explanation as to how he determined the number of seats. During one of the inspections, the deputy actually apologized and said that "there were things the Town was asking him to do that he did not feel comfortable doing."

18. When asked during his deposition to explain why the code enforcement activity had been directed to occur at the same time as the depositions in the Sign Ordinance Litigation, Mr. Daigneault testified that the code enforcement action was part of a routine check on business tax receipts.

19. The frequency and extent of the surprise inspections only increased as time went on. During another surprise inspection, a deputy informed Sweet Sage that it could not serve mimosas to guests in the outside dining area and threatened to inform state liquor

5

inspectors that Sweet Sage was in violation of state liquor regulations. Sweet Sage was later subjected to an inspection by state regulators but no violation was found.

20. Surprise inspections were also timed to occur in January of 2017, around the time the court entered a Summary Judgment in favor of Sweet Sage in the Sign Ordinance Litigation, and in March of 2017, when the court entered its order awarding Sweet Sage $30,000 in attorney's fees against the Town of less than one thousand residents.

21. The Town also took retaliatory action against other business entities owned by John Messmore. For example, during discussions between Shermee and the Town regarding the zoning changes that would allow the lot to be used for additional parking, Town officials continually expressed frustration over the Sign Ordinance Litigation and blamed Messmore for the problems he was having with the Town. Ultimately, the Town offered to change the permissible use for the lot to allow parking (which is desperately needed in the Town) but only if Shermee (and Messmore) agreed to a condition that would limit expressive activity on the lot, because, as was expressed during one meeting, John Messmore had a habit of "overdoing" it with decorative features. The day after the meeting, Sheriff's deputies were again dispatched to Sweet Sage.

22. In response to the Town's proposal, Shermee drafted and proposed a revised zoning ordinance without the limitation on expressive activity and presented it to the Town. A workshop meeting to discuss the issue was scheduled for early February, 2017. However, immediately following this Court's entry of Summary Judgment in favor of Sweet Sage and against the Town in the Sign Ordinance Litigation, the Town abruptly canceled the workshop meeting without explanation and refused to reschedule it.

23. Sheriff's deputies were then directed to stake out the vacant lot owned by Shermee to ensure that it was not being used for parking by Sweet Sage patrons. For over a week, Sheriff's deputies monitored the vacant lot and took photographs of the property hoping to find a vehicle parked on it, in an absurd use of sworn law enforcement officers.

24. Frustrated, Shermee abandoned the parking lot discussion and instead applied for a variance from the Town's lot size regulations for the purpose of constructing a building on the Shermee property. Unfortunately, the retaliation and harassment of Town officials infected this process as well.

25. On January 30, 2018, Messmore attended a hearing in connection with the variance application. The next day a Sheriff's' deputy arrived at the Sweet Sage Café, again unannounced, to ostensibly inspect for compliance with the Parking Ordinance.

26. On February 7, 2018, Messmore attended another hearing related to the variance application. That same day, while he was at the hearing, a Sheriff's deputy again arrived at the Sweet Sage Café to ostensibly inspect for compliance with the Parking Ordinance.

27. More recently, on April 18, 2018, two Sheriff's deputies arrived at the Sweet Sage Café unannounced and proceeded to walk through the dining areas ostensibly for the purpose of inspecting for compliance with the Parking Ordinance. As with past visits, the deputies' actions alarmed and intimidated guests and disrupted lunch service. At the conclusion of the inspection, the deputies issued Sweet Sage and SS16725 a Notice of Violation giving them 21 hours within which to correct the violation.

28. The following day, a Sheriff's deputy returned to conduct a re-inspection of

the Sweet Sage Café, at which point he notified Messmore that he had counted one seat over what he claimed to be the restaurant's maximum allotment. Messmore asked that the deputy re-count the seats at which point the deputy determined that the restaurant was two seats over. Subsequent requests by Mr. Messmore to count the chairs to find the discrepancy were rebuffed and the deputy briskly left the building with his "proof" that Sweet Sage was in violation of the Parking Ordinance. A code enforcement hearing before a special magistrate concerning the alleged violation was then scheduled for the following month.

29. On May 2, 2018, a deputy was on the vacant lot again for frivolous reasons and pulled up a cover on a trailer to look inside, resulting in the issuance of a Notice of Violation for an unpermitted trailer.

30. On May 4, 2018, Messmore, Sweet Sage, SS16725, and Shermee sent letters to both the Town and the Pinellas County Sheriff advising them that they were not permitted to enter the Sweet Sage Café or the vacant lot to inspect for code violations without a warrant.

31. On May 10, 2018, Town Attorney, Jay Daigneault responded with a letter detailing the Town's official policy and position on the continued inspections. According to the letter, the Town's business tax ordinance specifically permits Town code enforcement officers to enter a business premises at any time to inspect for compliance with town codes and as such, "the Town does not believe it is required to obtain your client's consent or an inspection warrant in order to conduct periodic inspections of the restaurant." A copy of Mr. Daigneault's May 10, 2018 letter is attached as Exhibit "B."

32. On May 17, 2018, the code enforcement hearing was held before a special magistrate. During the hearing it was revealed that Town Attorney, Tom Trask, directed the Sheriff's deputy to increase the frequency of his inspections of the Sweet Sage Café and that the deputy was given pre-prepared Notices of Violation before actually conducting the inspections of the Sweet Sage Café. It further revealed that these practices were not routine code enforcement procedure.

33. On May 29, 2018, the special magistrate entered an order finding that the Town failed to meet its burden of proof that Sweet Sage had violated the Parking Ordinance.

## COUNT I FIRST AMENDMENT RETALIATION
### (Plaintiffs v. Town of North Redington Beach)

34. Plaintiffs re-allege paragraphs 1 through 33 as set forth above.

35. This is an action for municipal liability against the Town of North Redington Beach, Florida, for violating 42 U.S.C. § 1983 by retaliating against Plaintiffs for the exercise and assertion of their rights under the First and Fourteenth Amendments to the United States Constitution.

36. John Messmore, Sweet Sage, and SS16725 engaged in constitutionally protected speech through the posting of signs on the premises of Sweet Sage, speaking at public hearings and communicating with the Town clerk concerning code enforcement matters.

37. In addition, Sweet Sage petitioned its government for the redress of grievances by filing the Sign Ordinance Litigation in this Court.

38. Further, John Messmore and Shermee petitioned their government for the

redress of grievances when they asked the Town to change the permitted uses for the vacant lot and applied for a variance from the Town's lot size regulations.

39. The Town engaged in a repeated course of conduct designed to harass and intimidate Messmore and his related business entities Sweet Sage, SS16725 and Shermee, for Sweet Sage's successful prosecution of the Sign Ordinance Litigation and for Messmore's conduct in speaking out at public hearings and raising concerns with the Town clerk. The Towns actions in subjecting Sweet Sage, SS16725 and Shermee to repeated, and often disruptive, code enforcement inspections were calculated to intimidate and punish Messmore and his related business entities Sweet Sage, SS16725 and Shermee for engaging protected activity and to discourage them from exercising such rights in the future.

40. As a direct and proximate result of the Town's actions, Plaintiffs have been damaged and continue to suffer damages.

WHEREFORE Plaintiffs demand judgment against Defendant, Town of North Redington Beach, Florida for damages, injunctive relief prohibiting Defendant from violating its rights under the First and Fourteenth Amendments to the U.S. Constitution, an award of attorneys' fees and costs pursuant to 42 U.S.C. 1988, and all other relief that is just and proper.

### COUNT II - UNREASONABLE SEARCH AND SEIZURE
**(Sweet Sage, and SS16725 v. Town of North Redington Beach and the Pinellas County Sheriff)**

41 Sweet Sage, and SS16725 re-allege paragraphs 1 through 33 as set forth above.

42. Sweet Sage, and SS16725 bring this action pursuant to 42 U.S.C. § 1983 against the Town of North Redington Beach, Florida, and the Pinellas County Sheriff, for unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

43. Since August 2016, Pinellas County Sheriff's deputies, at the direction of the Town, have conducted approximately thirteen warrantless searches of the Sweet Sage Café and the threat of additional warrantless searches remains ongoing.

44. Despite Plaintiffs' objections to continued searches without a warrant, the Town's official policy is that it is authorized by the Town's Business Tax Receipt Ordinance to enter any business premises at any time to inspect for compliance with the Town code, and that it is not required to obtain Plaintiffs' permission or a warrant to enter the Sweet Sage Café to conduct such inspections. Further, the Town has made it clear that, despite Sweet Sage's and SS16725's objections, it intends to continue the practice of sending Sheriff's deputies into Sweet Sage Café to inspect for code violations without permitting or a warrant.

45. It is the policy of the Sheriff, as well as its contractual obligation, to accept general policy direction from the Town on how code enforcement services will be delivered and to comply with the requests of the Town regarding code enforcement matters; therefore, it is also the policy of the Sheriff, as the Town's code enforcement officer, that deputies may enter the Sweet Sage Café at any time to conduct inspections without permission or a warrant.

46. Sweet Sage is not a closely regulated business and neither the Town nor the

Sheriff's office have a substantial interest in regulating Sweet Sage's business operations or its compliance with the Parking Ordinance.

47. The warrantless searches conducted by the Town and the Sheriff violate Sweet Sage's and SS16725's constitutional rights against unreasonable search.

48. Sweet Sage and SS16725 lack an adequate remedy at law to curtail or stop the abridgement of their rights.

49. The public interest would be substantially served by enjoining the violation of constitutional rights guaranteed to citizens, including Sweet Sage and SS16725.

WHEREFORE Plaintiffs, Sweet Sage and SS16725, demand judgment against Defendants, Town of North Redington Beach, Florida and Sheriff Bob Gualtieri in his official capacity as Pinellas County Sheriff, for injunctive relief prohibiting them from conducting warrantless searches or inspections of the Sweet Sage Café, an award of attorneys' fees and costs pursuant to 42 U.S.C. 1988, and all other relief that is just and proper.

**COUNT III - VIOLATION OF FOURTH AMENDMENT**
**(Sweet Sage, and SS16725 v. Town of North Redington Beach)**
**(Constitutionality of Business Tax Receipt Ordinance)**

50  Sweet Sage, and SS16725 re-allege paragraphs 1 through 33 as set forth above.

51. Sweet Sage, and SS16725 bring this action pursuant to 42 U.S.C. § 1983 against the Town of North Redington Beach, Florida.

52. The Town's Business Tax Receipt Ordinance is set forth in Sections 66-31 to 66-46 of the code of the Town of North Redington Beach, Florida. A copy of the Town's

Business Tax Receipt Ordinance is attached as Exhibit "C."

53. Section 66-45 of the code of the Town of North Redington Beach, Florida, relating to enforcement provisions of the Town's Business Tax Receipt Ordinance states:

> (a) All persons authorized in this section to inspect holders of business tax receipt and businesses shall have the authority to enter, with or without search warrant, at all reasonable times, the following premises:
>
> (1) Those for which a business tax receipt is required;
>
> (2) Those for which a business tax receipt was issued and which, at the time of inspection, are operating under such business tax receipt;
>
> (3) Those for which the business tax receipt has been revoked or suspended.

54. Further the Section 66-43 purports to require every holder of a business tax receipt to "permit all reasonable inspections of his business and examinations of his books by public authorities as authorized by law.

55. According to the Town's attorney, the official position of the Town is that the Business Tax Receipt Ordinance permits code enforcement officers to enter a business premises at any time to inspect for compliance with town codes. Further, it is the Town's policy that the Business Tax Receipt Ordinance authorizes Town code enforcement officers or other public officials to enter any business premises, including the Sweet Sage Café, with or without the owner's permission and with or without a warrant.

56. The Town's action and policy with respect to such inspections constitute a violation of Sweet Sage's and SS16725's Fourth Amendment rights.

57. Further, Town's Business Tax Receipt Ordinance does not contain any rules governing the procedures that inspectors must follow when conducting warrantless searches.

58. On the contrary, as written in the code, and interpreted by the Town's attorney, the Business Tax Receipt Ordinance purports to give the Town code enforcement officers unfettered authority and discretion to enter a business premises and conduct any inspections for seemingly any code violation.

59. The Business Tax Receipt Ordinance is therefore unconstitutional on its face and as applied to Sweet Sage and SS16725.

WHEREFORE Plaintiffs, Sweet Sage and SS16725, demand judgment against Defendant, Town of North Redington Beach, Florida, for declaratory relief finding that the Business Tax Receipt Ordinance is unconstitutional on its face and as applied, injunctive relief prohibiting the Town from conducting warrantless searches or inspections of the Sweet Sage Café pursuant to the Business Tax Receipt Ordinance, an award of attorneys' fees and costs pursuant to 42 U.S.C. 1988, and all other relief that is just and proper.

## COUNT IV – COMMON LAW TRESSPASS
### (Sweet Sage, and SS16725 v. Town of North Redington Beach and the Pinellas County Sheriff)

60. Sweet Sage, and SS16725 re-allege paragraphs 1 through 33 as set forth above.

61. Sweet Sage, and SS16725 bring this action for trespass under Florida law.

62. Since August 2016, Sheriff's deputies, at the direction of the Town, have conducted approximately thirteen warrantless searches of the Sweet Sage Café and the threat of additional warrantless searches remains ongoing.

63. The Town and the Sheriff, repeatedly, without permission and in disregard for the property rights of Sweet Sage, and SS16725, entered the Sweet Sage Café causing

substantial disturbance to the business.

64. Despite Sweet Sage's and SS16725's objections to continued searches without a warrant, it is the Town's policy that it is authorized by the Town's Business Tax Receipt Ordinance to enter a business premises at any time to inspect for compliance with the Town code, and that it is not required to obtain any permission or warrant to enter the Sweet Sage Café to conduct such inspections. Further, the Town has made it clear that, despite Sweet Sage's and SS16725's objections, it intends to continue the practice of sending Sheriff's deputies into Sweet Sage Café to inspect for code violations without permitting or a warrant.

65. It is the policy of the Sheriff, as well as its contractual obligation, to accept general policy direction from the Town on how code enforcement services will be delivered and to comply with the requests of the Town regarding code enforcement matters; therefore, it is also the policy of the Sheriff, as the Town's code enforcement officer, that deputies may enter Sweet Sage Café at any time to conduct inspections without permission or a warrant.

66. Because of the actions of the Town and Pinellas County Sheriff, Sweet Sage and SS16725 have suffered and will continue to suffer irreparable injury with no adequate remedy at law to curtail or stop the abridgement of their rights.

WHEREFORE Plaintiffs, Sweet Sage and SS16725, demand judgment against Defendants, Town of North Redington Beach, Florida and Sheriff Bob Gualtieri in his official capacity as Pinellas County Sheriff, for injunctive relief in the form or an order prohibiting Defendants from entering the Sweet Sage Café without a lawfully issued

warrant and award of costs, and all other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable as of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2018, the foregoing was filed using the Court's CM/ECF System which will electronically serve counsel for the Town: **Robert Michael Eschenfelder, Esq.** (rob@cityattorneys.legal and peggy@cityattorneys.legal) and **Jay Daigneault, Esq.,** (jay@cityattorneys.legal and jenny@cityattorneys.legal), 1001 S. Ft. Harrison Avenue, Suite 201, Clearwater, FL  33756; and to **Della Connolly Cope, Esq.**, (dcope@pcsonet.com and rreuss@pcsonet.com), 10750 Ulmerton Road, Largo, FL  33778.

 s/ Joseph P. Kenny
Timothy W. Weber, Esq.
FBN: 86789
Joseph P. Kenny, Esq.
FBN: 59996
WEBER, CRABB & WEIN, P.A.
5999 Central Avenue, Suite 203
St. Petersburg, FL  33710
Telephone: (727) 828-9919
Facsimile: (727) 828-9924
Emails: timothy.weber@webercrabb.com
lisa.willis@webercrabb.com
joseph.kenny@webercrabb.com
sandra.peace@webercrabb.com
ATTORNEYS FOR PLAINTIFFS