# EXHIBIT "A"

## TO: Plaintiffs' Amended Complaint

## Case No.: 8:18-cv-01080-VMC-CPT



# Sheriff Bob Gualtieri

## Pinellas County Sheriff's Office

*"Leading The Way For A Safer Pinellas"*



October 12, 2017

Honorable Bill Queen, Mayor
Town of North Redington Beach
190 173rd Avenue
North Redington Beach, FL  33708

RE:   Contract for Law Enforcement Services
      Contract for Emergency Accommodation

Dear Mayor Queen:

Enclosed for your files are fully executed originals of the contracts for law enforcement services and emergency accommodations between the Town of North Redington Beach and Sheriff Bob Gualtieri for FY 17-18. Thank you for your assistance in this matter.

Sincerely,

Luda Moody, Executive Assistant
General Counsel's Office

Enc.

## CONTRACT FOR LAW ENFORCEMENT SERVICES

THIS AGREEMENT is made and entered into by and between the TOWN OF NORTH REDINGTON BEACH, FLORIDA, a municipal corporation of the State of Florida, hereinafter referred to as "TOWN" and BOB GUALTIERI, as Sheriff of Pinellas County, Florida, hereinafter referred to as "SHERIFF".

## WITNESSETH:

WHEREAS, the TOWN is a municipality within the boundaries of Pinellas County, Florida, and wishes to purchase municipal law enforcement services for that area of land within its municipal boundaries in addition to those required to be provided by the SHERIFF prior to the execution of this Agreement; and

WHEREAS, the TOWN is desirous of providing a high level of competent law enforcement service in conjunction and in harmony with its fiscal policies of sound, economical management; and

WHEREAS, the TOWN has requested that the SHERIFF furnish law enforcement protection to its inhabitants and citizens; and

WHEREAS, the TOWN desires that the SHERIFF furnish law enforcement protection on a full-time basis and duly perform any and all necessary and appropriate functions, actions, and responsibilities of a law enforcement force for the TOWN; and

WHEREAS, the SHERIFF has indicated his desire and willingness to accept and fulfill the responsibilities hereinbefore mentioned; and

WHEREAS, the TOWN desires to retain its ability to determine whether law enforcement services shall be provided by a Town police department, by contract with another law enforcement agency or otherwise; and

WHEREAS, the SHERIFF is an independent constitutional officer of the State of Florida; and

WHEREAS, it is further the desire of the TOWN that the full, complete and entire responsibility for law enforcement within the TOWN be turned over to and be performed by the SHERIFF;

NOW, THEREFORE, in consideration of the mutual promises contained herein and given by each party to the other, the parties hereto do covenant and agree as follows:

1. That the recitations set forth above are incorporated herein by reference in their entirety.

2. LEGAL AUTHORITY. This Agreement is entered into pursuant to the provisions of Section 163.01, F.S. the "Florida Interlocal Cooperation Act of 1969". The parties entering into this Agreement are fully cognizant of the constitutional limitations on the transfer of powers as set forth in Article VIII, Section 4 of the Constitution of the State of Florida and it is the express purpose of this Agreement only to enter into a contract for the provision of law enforcement services for certain designated law enforcement functions and shall not be deemed in any manner whatsoever to authorize the delegation of the constitutional or statutory duties of either of the parties pursuant to the provisions of Section 163.01(14), F.S. This Agreement at all times shall be construed consistent with such constitutional and statutory limitations. The duties and responsibilities set forth in this Agreement to be performed by the parties shall be performed in a manner that is constitutionally permissible and all portions of this Agreement shall be interpreted and administered by the parties accordingly.

3. PURPOSE: The purpose of this Agreement shall be to provide the citizens of the TOWN with high quality law and codes enforcement services by the Sheriff's Office. It is

expressly acknowledged and agreed that all services provided by the SHERIFF under the terms of this Agreement are completely paid for by the consideration paid by the TOWN under the terms of this Agreement and are completely separate and in addition to any and all ad valorem taxes or any other revenues paid by or received on behalf of the citizens of the TOWN to the Pinellas County Board of County Commissioners. In light thereof, the SHERIFF shall continue to have the obligation to continue to provide normal services to the same degree that such services are provided to the rest of Pinellas County, and the TOWN is not to be charged extra for these normal services.

4. LAW ENFORCEMENT SERVICE. The SHERIFF OF PINELLAS COUNTY hereby agrees to provide all necessary and appropriate law enforcement services in and for the TOWN OF NORTH REDINGTON BEACH by providing one (1) deputy with patrol automobile for twenty-four (24) consecutive hours each day to serve as law enforcement officer to be shared by the TOWN and REDINGTON BEACH. Said deputy shall be provided to the TOWNS on the basis of one (1) deputy per shift, twenty-four (24) hours per day, seven (7) days per week. It is the obligation of the SHERIFF to insure that a deputy is present within the Town limits of the TOWNS OF NORTH REDINGTON BEACH or REDINGTON BEACH at all such times except under emergency circumstances when backup assistance may be required from other Sheriff's deputies or municipal law enforcement officers.

The SHERIFF agrees to have a 4-wheel drive vehicle available to the assigned deputies to ensure routine patrolling of the TOWN's beach area. The SHERIFF agrees to make every effort to ensure deputies assigned to the TOWN are radar certified; however, due to the SHERIFF's method of assignment of personnel, if a deputy not radar certified is assigned, efforts will be made to facilitate the deputy's certification as a radar operator. The SHERIFF shall make

all services of the Sheriff's Office available to the TOWN including, but not limited to, Marine Patrol, K-9 services, helicopter patrol, and crime watch assistance.

5. CODES ENFORCEMENT. In addition to the services described above in Paragraph 4, the SHERIFF will also provide one (1) part-time Community Policing Deputy/Codes Enforcement, who shall be provided on an as-needed basis. The specific hours of work of this community policing deputy shall be determined by his or her supervisor after consultation with the Mayor. The community policing deputy will investigate and take enforcement actions for violations of the TOWN'S Code of Ordinances, will track and prepare statistical reports for the TOWN concerning the numbers and types of violations issued on a monthly basis, and interact with both citizens and businesses to address and resolve codes violation related issues. The community policing deputy will in conjunction with the TOWN'S attorney, prepare and present code violation cases before the TOWN'S Magistrate as necessary, and in conjunction with the TOWN'S administrative/clerical staff, prepare citations, send notices of violations and appeal hearings, and perform other related administrative tasks.

The TOWN agrees it will provide at its expense the necessary codes enforcement training, the assistance of the TOWN'S administrative and clerical staff for performing research, preparing and sending out notices and correspondence, and other like administrative and clerical tasks, and the appropriate office space and equipment needed for the performance of the community policing deputy's administrative duties.

6. POWER OF TOWN TO DIRECT SERVICES. The SHERIFF shall confer with the Mayor and the Town Commission and/or Town Manager regarding law enforcement or codes enforcement problems within the TOWN and shall accept from the Town Commission general policy direction on how law enforcement and codes enforcement services are delivered

and to what portion of the municipality a particular type or level of service should be delivered to counteract law and codes enforcement problems within the TOWN. The SHERIFF shall comply with the request of the TOWN regarding such matters unless such decision will represent a danger to the deputies providing such service or to other members of the Sheriff's Office, will be violative of the law, good law enforcement practices, the rules and regulations of the Pinellas County Sheriff's Office, or detrimental to the citizens of the TOWN or the County. In the event that such concern arises, the SHERIFF will meet and confer with the Mayor and the Town Commission, as is appropriate, on policy matters regarding the delivery of services and attempt to resolve any dispute or misunderstanding between them.

7. NO PLEDGE OF AD VALOREM TAXES. The Parties agree that this Agreement does not constitute a general indebtedness of the TOWN within the meaning of any constitutional, statutory, or charter provision or limitation and it is expressly agreed by the parties that the SHERIFF shall not ever have the right to require or compel the exercise of ad valorem taxing power of the TOWN or taxation of any real or personal property therein for the payment of any monetary obligations due under the terms of this Agreement and it is further agreed between the parties that this Agreement and any funds called for to be paid hereunder shall not constitute a lien upon any real or personal property of the TOWN, or any part thereof, and that the obligation for monetary payments called for to be made hereunder shall be deemed to exist for less than a year at any point in time and shall be entirely subject to the legislative budgetary discretion of the TOWN.

8. AUTHORITY TO ACT. The TOWN does hereby vest in each sworn officer of the SHERIFF, who from time to time may be assigned to the TOWN, to the extent allowed by law, the law enforcement powers of the TOWN which are necessary to implement and carry

forth the services, duties and responsibilities imposed upon the SHERIFF hereby, for the limited purpose of giving official and lawful status and validity to the performance thereof by such sworn law enforcement officers. Each sworn law enforcement officer of the SHERIFF so empowered hereby and engaged in the performance of the services, duties and responsibilities described and contemplated herein shall be deemed to be a sworn officer of the TOWN while performing such services, duties and responsibilities which constitute municipal functions and are within the scope of this Agreement. Accordingly, such sworn law enforcement officers of the SHERIFF are hereby vested with the power to enforce the ordinances of the TOWN, to make arrests incident to the enforcement thereof, and to do such other things and perform such other acts as are necessary with respect thereto.

9.    INDEMNIFICATION OF TOWN. The SHERIFF will defend and pay any cost of litigation including attorney's fees or judgment against the TOWN, its agents or employees, arising out of the acts or omissions of deputy sheriffs, his law enforcement personnel, or other members of the Sheriff's Office performing services under this Agreement. Lawsuits and claims that may be filed from time to time hereunder shall be handled by the SHERIFF in accordance with normal procedures. The SHERIFF shall defend such lawsuits or claims and pay judgments or settlements in accordance with law.

Nothing contained herein shall be construed to limit or modify the provisions of Florida Statues 768.28 as it applies to the TOWN and the SHERIFF. Nothing herein shall abrogate or expand the sovereign immunity enjoyed by the SHERIFF and the TOWN pursuant to the provisions of Chapter 768, Florida Statutes, nor shall any third party receive any benefit whatsoever from the indemnification provided herein.

10. INDEPENDENT CONTRACTOR. The SHERIFF, for the purposes of this Agreement, is and shall remain an independent contractor; provided, however, such independent contractor status shall not diminish the power and authority vested in the SHERIFF and his sworn law enforcement officers.

11. SOVEREIGN IMMUNITY. The parties hereto agree that nothing contained herein shall in any way waive the sovereign immunity that they enjoy presently under the Constitution and statutes of the State of Florida and particularly with respect to Chapter 768, Florida Statutes. The parties agree that the TOWN's determination to provide law enforcement services by contract is an exercise of the legislative planning function of the TOWN and that at no time will the TOWN exercise any specific operational control over the activities of any of the members of the SHERIFF or shall it perform or undertake any acts that are over and above a planning level function with regard to the administration of this Agreement.

12. PROVISION OF SERVICES. Except as otherwise provided in Paragraph 5 above, the SHERIFF shall provide each deputy who provides service under this Agreement with a patrol automobile and all other necessary or appropriate equipment. Deputies providing services under this Agreement shall operate out of the Sheriff's Administration Building or North District Station. The cost of operating and maintaining these facilities and the cost of purchasing, maintaining, and repairing equipment used under this Agreement shall be borne by the SHERIFF.

13. PERSONNEL. The SHERIFF shall be responsible for the appointing, training, assignment, discipline and dismissal of all his law enforcement personnel performing services under this Agreement.

The parties shall mutually cooperate to carry out the terms and condition of this Agreement. Should the TOWN or its designee believe that any deputy assigned to the TOWN pursuant to the terms of this Agreement is failing to perform in a satisfactory manner, the TOWN or its designee shall notify the Commander of the Patrol Operations Bureau of the Pinellas County Sheriff's Office. The parties shall work together to reach a mutually satisfactory resolution of the matter. However, it is understood that under this Agreement, the SHERIFF shall retain the sole authority to transfer, counsel, or discipline any deputy or other member of the Pinellas County Sheriff's Office.

14. ENFORCEMENT OF LAWS. The SHERIFF shall discharge his responsibility under this Agreement by the enforcement of all state laws, county ordinances applicable within the TOWN and the ordinances of the TOWN. The SHERIFF shall bring appropriate charges for violations of all laws and ordinances. The SHERIFF shall ensure that deputies assigned to the TOWN will have a general familiarity with the code of ordinances of the TOWN. The TOWN will provide adequate copies of or access to its ordinances for this purpose at no cost to the SHERIFF.

15. FINES AND FORFEITURES. All fines and forfeitures rendered in any Court as a result of charges made by the SHERIFF shall be distributed as provided by general law and the rules of the Court.

16. RECORDS. The SHERIFF shall maintain Uniform Crime Reporting records regarding crimes committed within the TOWN. These records shall include the number and type of crimes committed, the number of arrests made for each type of crime, and all other information as required by law. A computer printout reflecting a summary of overall activity by event type shall be furnished to the TOWN each month. Upon request by the TOWN, the

SHERIFF agrees to provide additional statistical reports which are normally available from the SHERIFF's records.

17. NOTICE. Notice as required to be given hereunder shall be given to the following persons:

    A. SHERIFF OF PINELLAS COUNTY: Office of General Counsel, P.O. Drawer 2500, Largo, FL 33779-2500

    B. Town of North Redington Beach: Attention: Mayor, 190 - 173 Avenue, North Redington Beach, FL 33708-1397

18. TERM. This Agreement shall take effect on October 1, 2017, and continue in effect thereafter through September 30, 2018, unless hereafter extended upon such terms and conditions as the parties hereto may later agree. Either party may terminate this Agreement without cause or further liability to the other parties, except as to the indemnification provided herein, upon written notice given not less than one hundred and eighty (180) days prior to the requested termination date. Said notice will be deemed delivered when a copy is delivered to the other party and a receipt signed by the other party.

The parties agree that where the Agreement is not terminated as provided for herein, the terms of this Agreement shall automatically continue for 120 days beyond September 30, 2018, in the event a replacement contract has not yet been completely executed. The TOWN shall continue to pay to the SHERIFF on a monthly basis the amount due per this Agreement, until such time as a replacement contract has been approved. The parties further agree that an increase, if any, in the cost of service, shall be retroactively applied for services rendered from October 1, 2018, to the approval and execution of the replacement contract, and shall be paid by the TOWN to the SHERIFF immediately for the services already provided.

19. CONTRACT COSTS. With the exception of the service provided by the Community Policing Deputy/Codes Enforcement, the TOWN shall pay to the SHERIFF, as payment in full for all of the services herein agreed to be performed by SHERIFF, the sum of TWO HUNDRED FORTY-SEVEN THOUSAND ONE HUNDRED EIGHTY-FOUR DOLLARS AND EIGHT CENTS ($247,184.08). Payment shall be made in twelve monthly installments of TWENTY THOUSAND FIVE HUNDRED NINETY-EIGHT DOLLARS AND NO CENTS ($20,598.00). Payment shall be made on the first day of each month beginning on the 1st day of October, 2017.

The SHERIFF shall invoice the TOWN monthly for the services of the Community Policing Deputy/Codes Enforcement based upon the actual number of hours worked at a rate of FORTY-THREE DOLLARS AND EIGHTY-TWO CENTS ($43.82) per hour, which shall be due upon receipt.

The annual sum referenced above and the monthly amount for codes enforcement services represent one hundred percent (100%) of the total cost of the contract with the TOWN OF NORTH REDINGTON BEACH. (See attached Work Sheet.)

20. THIRD PARTIES. In no event shall any of the terms of this Agreement confer upon any third person, corporation or entity other than the parties hereto any right or cause of action or damages claimed against either of the parties to this Agreement arising from the performance of the obligation and responsibilities of the parties herein or for any other reason.

21. ENTIRE AGREEMENT. This Agreement reflects the full and complete understanding of the parties to it and may be modified or amended only by a document in writing executed by all the parties hereto and executed with the same formality of this Agreement.

22. **NON-ASSIGNABILITY.** The SHERIFF shall not assign or delegate the obligations, responsibilities or benefits imposed hereby or contained herein to any third party or in any manner contract for the provision of the services required to be performed herein by a third party without the express written consent of the TOWN, which consent must have been agreed to by the TOWN at a public meeting and which consent may be withheld within the sole discretion of the TOWN.

23. **LIAISON.** A close liaison shall be maintained between the TOWN and the SHERIFF. The SHERIFF agrees to make available to the TOWN a specific member or members of the command staff who shall be available twenty-four (24) hours per day to act as liaison between the TOWN and the SHERIFF. The designated Commissioner, the Mayor and the SHERIFF, or their designees, shall meet and confer with each other on a regularly scheduled basis to discuss the administration of this Agreement. The SHERIFF, or his designee, shall upon request of the Town Commission, be present at Town Commission meetings for discussion of the provision of law enforcement services within the TOWN, for budget preparation purpose, or for any other purpose as the Town Commission shall request from time to time. The SHERIFF, or his designee, shall be responsible for submitting appropriate staffing or information to the Town Commission as is necessary for it to conduct its legislative business. Any request for the presence of the SHERIFF or his designee, or for the production of any information or staffing, shall be communicated solely through the Mayor.

24. **SUBSTATION LOCATION.** The TOWN will provide to the SHERIFF an office space, the location and size of which is to be mutually agreed upon, for the purpose of allowing deputy sheriffs assigned to the TOWN to have office space available for their needs for the purpose of meeting with citizens or other law enforcement purposes.

IN WITNESS WHEREOF, the parties to this Agreement have caused the same to be signed by their duly authorized representatives this 29th day of August, 2017.

ATTEST:

*[signature]*
TOWN CLERK

APPROVED AS TO FORM:

*[signature]*
TOWN ATTORNEY

TOWN OF NORTH REDINGTON BEACH

BY *[signature]*
MAYOR

(TOWN SEAL)

SHERIFF, PINELLAS COUNTY, FLORIDA

BY *[signature]*
BOB GUALTIERI, Sheriff

**Attachment**

## Town of North Redington Beach
## Cost of Law Enforcement Services
## Worksheet - FY 18

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| A. | Cost per Deputy | | $ 91,140.47 | | | | | | |
| B. | **Deputies by Post** | | | | | | | | |
| | Number | Relief Factor | Deputy | | | | | | |
| | 2 x | 1.2 x | $ 91,140.47 | | | | | $ | 218,737.13 |
| C. | **Vehicle Cost** | | | | | | | | |
| | Number | # Miles | $ per mile | Days per Yr | | | | | |
| | 1 x | 60 x | 0.71 x | 365 | | | | $ | 15,549.00 |
| D. | **Supervision** | | | | | | | | |
| | Number | Crime Factor | Sergeant | | | | | | |
| | 1 x | 0.348% x | $ 119,131.08 | | | | $ 414.58 | | |
| E. | **Equipment** | | | | | | | | |
| | Number | Positions | Equip Cost | | | | | | |
| | 2 / | 1288 x | $ 1,150,601.00 | | | | $ 1,786.65 | | |
| F. | **Allocated Indirect Cost (AIC)** | | | | | | | | |
| | Number | Positions | AIC~CD | | | | | | |
| | 2 / | 1288 x | $ 6,888,686.00 | | | | $ 10,696.72 | | |
| G. | Supervision, Equipment, and AIC | | | | | | | $ | 12,897.95 |
| H. | **TOTAL** | | | | | Yearly | | $ | **247,184.08** |
| | | | | | | 11 months | | $ | 20,598.67 |
| | | | | | | 1 month | | $ | 20,598.71 |
| | | | | | Rounded amount due | | $ | **20,598.00** |

| | | | |
|---|---|---|---|
| *Increase from prior year-percentage* | $ 247,184.08 / $ 241,624.00 | | 2.30% |
| *Increase from prior year-amount* | | $ | 5,560.08 |

**transitioned from 8 to 12 hr shifts eff 2/1/17**