UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SWEET SAGE CAFÉ, LLC,
JOHN MESSMORE, SHERMEE, LLC,
and SS16725, LLC,

    Plaintiffs,

v.                                          CASE NO. 8:18-cv-1080-T-02CPT

TOWN OF NORTH REDINGTON BEACH,
FLORIDA, and SHERIFF BOB GUALTIERI,
in his official capacity as Pinellas County Sheriff,

    Defendants.
_____/

## ORDER ON COSTS

This cause comes before the Court on the Proposed Bill of Costs (Dkt. 102) and Defendant Sheriff Bob Gaulieri's Motion to Tax Costs (Dkt. 103).[1] After careful consideration of the proposed bill of costs, the applicable law, and the entire file, the Court concludes the motion should be granted.

## TIMELINESS

Before reaching the itemized costs, the Court addresses the issue of timeliness. Summary judgment was granted in Defendant Sheriff Gualtieri's

---

[1] According to the Rule 3.01(g) certification, the amount of costs is unopposed. Dkt. 103 at 2. Counsel notes that Plaintiffs voiced an objection on the ground that awarding costs is premature. Plaintiffs have filed no response, and the time for filing one has passed.

favor. Dkt. 98. The Clerk entered a final judgment as to the sheriff on April 1, 2019. Dkt. 99. The sheriff filed a proposed bill of costs four days later. Dkt. 102. The case is still proceeding against the town of North Redington Beach.

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920.[2] Although there is no time limit specified in Rule 54(d)(1) for filing a motion to tax costs, Local Rule 4.18 of the Middle District provides that by separate motion all claims for costs must be filed "not later than fourteen (14) days following the entry of judgment." *See Abdullah v. Osceola Cty. Sheriff*, No. 6:14-cv-629-Orl -40TBS, 2015 WL 12859334, at *1 (M.D. Fla. Dec. 1, 2015); *Giminez v. Am. Sec. Ins. Co.*, No. 8:08-cv-2495-T-24TGW, 2009 WL 3048563, at *2 (M.D. Fla. Sept. 21, 2009). Sheriff Gualtieri complied with the statute and rules. That the case proceeds against the town does not prevent a bill of costs from being entered.

## **COSTS**

Costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statute, the federal rules, or court order provides otherwise. Fed.R.Civ.P. 54(d)(1). The prevailing party may recover the costs of "[f]ees for

---

[2] "Defendant must wait until the Clerk enters a final judgment and then file a bill of costs." *Fowler by Fowler v. Jefferson Nat'l Life Ins. Co.*, No. 4:08-cv-148-HLM, 2009 WL 10668900, at *1 (N.D. Ga. Oct. 15, 2009).

printed or electronically recorded transcripts necessarily obtained for use in the case." 42 U.S.C. § 1920(2). The prevailing party may also recover fees for printing and "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920 (3), (4).

### ***Depositions***

Defendant Sheriff Gaultieri as the prevailing party seeks the costs of purchasing eight original depositions. All eight of the depositions were noticed by Plaintiff and the sheriff's co-defendant, the town. Dkt. 102 at 1; Dkt. 102-1 at 5-30.

It is not necessary that deposition testimony be used at summary judgment to recover the costs of the transcripts. *In re Fundamental Long Term Care, Inc.*, 753 F. App'x 878, 882 (11th Cir. 2019) (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 622 (11th Cir. 2000)). Nor is it required that the transcripts "be cited in the dispositive order." *In re Fundamental*, 753 F. App'x at 882. Even if the depositions may have been "minimal" or "not critical" to the prevailing party's ultimate success, recovery for those costs is permitted. *W & O, Inc.*, 213 F.3d at 621. The test is whether any portions of the depositions were "related to an issue which was present in the case at the time the deposition was taken." *Id.* (quoting *Indep. Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 718 (N.D. Ill. 1982)).

The Court finds that at the time they were taken, the depositions related to issues in this case. The costs of all eight depositions are therefore awarded.

***Printing and Copying***

Defendant seeks the costs of printing and making copies of 4,580 page at 15¢ per page.[3]  The $687.00 of copies are attributable to discovery documents that required copying for a privilege review and redaction, a lengthy privilege log, courtesy copies required by chambers, and copies of the court file for required storage. Dkt. 102-1 at 2, 31-32.

"Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to opposing party, copies of exhibits and documents prepared for the Court's consideration are recoverable." *Brown v. Lassiter-Ware, Inc.*, No. 6:11-cv-1074-Orl-36DAB, 2014 WL 5258912, at *4 (M.D. Fla. Oct. 15, 2014) (citation omitted). Copies made merely for the convenience of counsel, however, are not recoverable. *Health First, Inc. v. Hynes*, No. 6:11-cv-715-Orl-41KRS, 2015 WL 12977509, at *7 (M.D. Fla. Mar. 5, 2015) (citations omitted). To

---

[3] The price per copy has been found to be reasonable. *See*, *e.g.*, *Albakri v. Sheriff of Orange Cty.*, No. 6:15-cv-1969-Orl-31GJK, 2017 WL 4159819, at *2 (M.D. Fla. Sept. 13, 2017), *report and recommendation adopted in* 2017 WL 4124820 (M.D. Fla. Sept. 18, 2017) (noting that reasonable market rate in Middle District of Florida runs from 10 to 15¢, and citing *Perkins v. Tolen*, No. 3:10-cv-851-J-37EM, 2012 WL 3244512, at *3 (M.D. Fla. July 13, 2012)).

determine whether the copies were necessarily obtained for use in the case, the standard is "whether the prevailing party could have reasonably believed that it was necessary to copy the papers" at the time of copying. *W & O, Inc.*, 213 F.3d at 623; *Hynes*, 2015 WL 12977509, at *7.

The Court finds that at the time the copies were made, Defendants reasonably believed it was necessary to copy them. The copies were necessarily obtained for use in the case.

Accordingly, Defendant Sheriff Gualtieri is awarded costs in the total amount of $3,495.20. The Courtroom Deputy Clerk is directed to enter a Bill of Costs in his favor.

**DONE AND ORDERED** at Tampa, Florida, on May 2, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record